UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

CIVIL MINUTES - GENERAL

| Case No. | SACV 08-00877 ABC (MLGx) | Date | January 28, 2009 |
|---|---|---|---|
| Title | Bowker v. County of Orange, et al. | | |

| Present: The Honorable | Audrey B. Collins | | |
|---|---|---|---|
| Daphne Alex | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** **DISMISSAL OF ACTION** (In Chambers)

### I. INTRODUCTION

This action involves allegations of improper treatment of prisoners in the Orange County jail system. Plaintiff Blaine Bowker and Keith Duncan filed a Second Amended Complaint that brings two sets of allegations: one set regarding an alleged denial of plaintiffs' rights to practice their religion, use certain facilities within the jail, and receive outdoor exercise; and one set regarding alleged physical abuse. (See generally, Second Amended Compl. ("SAC") (Docket No. 10).)[1] The named Defendants are the County of Orange and Sandra Hutchens, Sheriff of the Orange County Sheriff's Department. (SAC at 4-5.) Defendants have filed a motion seeking to dismiss all of Plaintiffs' claims. (Docket No. 23.) For the reasons discussed below, Defendants' motion is **GRANTED**. Because Plaintiffs failed to exhaust their administrative remedies this action is **DISMISSED**.

### II. THE PRISON LITIGATION REFORM ACT

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action

---

[1]The SAC is poorly drafted and does not clearly present its allegations; at one point, Plaintiffs claim deprivation of rights "as guaranteed by Article I, Section 13 of the Caledonia Constitution." [sic] (SAC ¶ 40.) All claims, however, are premised on "[t]he violations" or "[t]he violations alleged" or "[t]he above set out actions," or "aforementioned acts" which refer to the two sets of allegations identified above. (See, e.g., SAC ¶¶ 40, 44-45, 47.) According to the SAC, these two sets of allegations include--although the Court is not quite sure how--unreasonable search and seizure claims. (See SAC ¶ 44.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 08-00877 ABC (MLGx) | Date | January 28, 2009 |
|---|---|---|---|
| Title | Bowker v. County of Orange, et al. | | |

shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a). Exhaustion must occur before the suit is filed and an inmate may not exhaust while the suit is pending.  McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  "All 'available' remedies must [] be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'"  Porter v. Nussle, 534 U.S. 516, 524 (2002).

### III. DISCUSSION

**A. EXCESSIVE FORCE CLAIMS**

    The PLRA applies to an inmate's excessive force claim.  In Porter v. Nussle, the inmate, Nussle, claimed that "on or about June 15, 1996, several officers, including defendant--petitioner Porter, ordered Nussle to leave his cell, placed him against a wall and struck him with their hands, kneed him in the back, and pulled his hair." Porter, 524 U.S. at 520 (internal quotations and bracket removed). Nussle then brought suit "without filing an inmate grievance." Porter, 534 U.S. at 519.  Nussle failed to exhaust his administrative remedies.  The Supreme Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter, 534 U.S. at 532.  The Supreme Court's holding is directly applicable to Bowker's claims of physical abuse.  Bowker was required to exhaust his administrative remedies.  He did not do so.

    Defendants have "a formal administrative procedure in order to investigate and remedy inmate grievances regarding conditions of confinement."  (Bard Decl. (Docket No. 23) ¶ 6.)  The process is "initiated when an inmate completes and submits to custody staff an Inmate Message Slip."  (Bard Decl. ¶ 8.)  "[N]either Plaintiff Bowker nor Plaintiff Duncan submitted Inmate Message Slips regarding the issues that are the subject of this lawsuit during their incarcerations at the Orange County jails."  (Bard Decl. ¶ 13.) Indeed, Bowker does not claim to have submitted any Inmate Message Slip regarding his alleged physical abuse.  (Cf. Bowker Decl. (Docket No. 26).)  Bowker does not even claim to have asked for any Inmate Message Slips or to have taken any other action by which to lodge his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6



**CIVIL MINUTES - GENERAL**

| Case No. | SACV 08-00877 ABC (MLGx) | Date | January 28, 2009 |
|---|---|---|---|
| Title | Bowker v. County of Orange, et al. | | |

grievance.[2,3] (Id.)

Accordingly, Bowker's claims for alleged physical abuse are **DISMISSED**.

**B. DENIAL OF USE CLAIMS**

As noted above, Plaintiffs bring claims regarding an alleged denial of Plaintiffs' rights to practice their religion, use certain facilities within the jail, and receive outdoor exercise. These claims, just like the excessive force claim, are susceptible to the PLRA exhaustion requirements. Porter, 534 U.S. at 532 ("the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). These requirements were not met.

Neither Bowker nor Duncan submit any evidence to show they attempted to utilize Defendants' formal grievance procedure. Duncan claims that if he uses the Defendants' grievance procedure, it "will only bring retaliation." (Duncan Decl. (Docket No. 26) ¶ 3.) However, Duncan does not claim to have ever been retaliated against for using the grievance procedure. Instead, Duncan claims he is being retaliated against for participating in this lawsuit. An alleged retaliation that occurred after the filing of Duncan's lawsuit does little to explain why he did not exhaust his administrative remedies before filing suit.[4]

---

[2]There is no evidence that Bowker was held "incommunicado" such that he would not have been able to request an Inmate Message Slip; indeed, Bowker, appears to even have had access to his defense attorney. (See Bowker Decl. ¶ 4 ("I could not readily telephone out during that time and had limited access to the outside world except to my defense attorney.").)

[3]Nor does Bowker present any evidence--or even claim--that anyone made any threats of repercussions if he were to file a grievance, or that any action was taken to intimidate him or dissuade him from filing a grievance. (Cf. Bowker Decl.)

[4]The alleged retaliation is that Duncan's visits with his daughter "have now been denied." (Duncan Decl. ¶ 3-4.) Defendants deny this allegation. (Peterson Decl. (Docket No. 28) ¶ 8 ("To the contrary. Plaintiff Duncan has had eight (8) visits from his daughter from November

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 08-00877 ABC (MLGx) | Date | January 28, 2009 |
|---|---|---|---|
| Title | Bowker v. County of Orange, et al. | | |

    To the extent that Plaintiffs argue that a ruling in a related case allegedly found "that there was no grievance system and that the lack of administrative remedies could not be used by defendants to block prospective relief" (Opp. (Docket No. 26) at 20), Plaintiffs provide no citation for this assertion.  "It is absurdly difficult for a judge to perform a search, unassisted by counsel, through the entire record, to look for such evidence." Carmen v. San Francisco Unified Sch. District, 237 F.3d 1026, 1030 (9th Cir. 2001) (discussing evidence of genuine issue of fact on summary judgment).  "The district court need not examine the entire file for evidence. . . where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found." Carmen, 237 F.3d at 1031.

    Accordingly, Plaintiffs' claims for alleged denials of their rights to practice their religion, use certain facilities within the jail, and receive outdoor exercise are **DISMISSED**.

### IV.  CONCLUSION

    Plaintiffs failed to exhaust their administrative remedies as to their complaints for excessive use of force and denial of their rights to practice their religion, use certain facilities within the jail, and receive outdoor exercise.  These complaints are the basis of the entire action.  Accordingly, the motion to dismiss is **GRANTED**.  Plaintiffs' complaint is **DISMISSED, WITHOUT PREJUDICE**.  The hearing previously scheduled for Monday, February 2, 2009 is hereby **VACATED**. Fed. R. Civ. P. 78; L.R. 7-15.

    IT IS SO ORDERED.

                                                              :

                                      Initials of
                                      Preparer    da

---

2008 to the present date and three (3) visits in January 2009 alone.").)